THOMAS N. STEWART, III - #88128
ATTORNEY AT LAW
369 BLUE OAK LANE, 2nd FLOOR
CLAYTON, CA 94517
TELEPHONE (925) 672-8452
TELEFAX (925) 673-1729
Attorneys for William Tranquilli

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM TRANQUILLI, | Case No.  1:08-CV-00462-SMS |
| Plaintiff, | SETTLEMENT AGREEMENT; ORDER |
| v. | |
| MOHAMED HOUTER and GAMILAH HOUTER, | |
| Defendants. _____/ | |

SEE ATTACHED RELEASE AND SETTLEMENT AGREEMENT

1

## RELEASE AND SETTLEMENT AGREEMENT

The Parties to this Mutual Release and Settlement Agreement are William Tranquilli (hereinafter referred to as "Plaintiff"), and Mohamed and Gamilah Houter (hereinafter referred to as "Defendants").  The parties wish to enter a full and complete compromise and settlement with regard to any and all matters arising out of United States District Court, Eastern District, action number 1:08-CV-462-SMS (hereinafter referred to as the "Action").

Pursuant to the terms expressed herein, the Parties, individually and on behalf of their heirs, executors, administrators and agents, hereby enters into this Release and Settlement Agreement upon the following terms and conditions:

1.A.   Within 20 days hereof, Defendants shall cause to be paid to Plaintiff the sum of $8,500.  The check shall be made payable to "Thomas N. Stewart, III client trust account".

1.B.   The property at issue is the "Fresno Community Market" store located at 4825 East Olive Avenue, Fresno, California (the Store).  Defendants own the real property where the Store is located.  Within one year hereof, Defendants shall make the following modifications to the Store: (1) modify the Store's restrooms in accordance with the "Proposed Floor Plan" dated July 28, 2008, a copy of which is attached hereto.  The modifications shall include, but not be limited to, insulating the lavy pipes and ensuring that the doorways are at least 32" clear; and (2) modify the parking lot so that the Store has the required number of accessible parking spaces, all of which shall

comply with all State and Federal new construction access standards. These modifications shall include, but not be limited to ensuring that the entirety of all accessible parking spaces and access aisles will be level. Although 7 accessible parking spaces are required, pursuant to the number of spaces at the parking lot, Defendant may delay installation of three of the seven accessible parking spaces until the shopping center where the Store is located is 90% rented. Defendants shall give written notice of completion to Plaintiff's counsel immediately upon completion of the work.

    2.    In consideration for such payment and corrections, Plaintiff shall dismiss the entire Action with prejudice. As a part of the dismissal, the parties will ask the Court to retain Jurisdiction for 18 months after the date the Dismissal is filed for the purposes of enforcement of this Agreement.

    3.    In further consideration of this payment, Plaintiff shall hold Defendants harmless from the indemnity claims of any others who have paid or will pay money on account of Plaintiff's injuries in connection with the Action.

    4.    The parties hereby release and forever discharge each other and their representatives, agents, affiliates, partners, shareholders, officers, directors, heirs, attorneys, administrators, executors, and predecessors, from any and all actions, causes of action, claims, demands, costs, expenses, liability, attorney's fees and debts whatsoever, in law or in equity, in any way related to, arising from, or connected with the facts and circumstances pertaining to the Action.

    5.    The parties agree that no representation or promise not expressly

contained in this Release has been made and further acknowledge that the parties are not entering into this Release on the basis of any promise or representation, express or implied, not otherwise contained herein.  This Release contains the entire agreement between the parties hereto and the terms hereof are contractual and not a mere recital.  This Release supersedes any prior agreement and contains the entire agreement of the parties.  Each party hereto has fully and personally investigated the subject matters of this Release and does not rely on any statement, fact or opinion of any other party to this Release.

      6.      This Release is a release of all claims for injury and damages to persons and/or property, whether such injuries and damages be known or unknown, foreseen or unforeseen, and whether they are latent or occur later.  This Release is a release of liability for physical injuries, emotional distress injuries and of violation of civil rights.  This Release is a release of all claims that the property is in violation of disability laws, subject to the performance by Defendants of the corrective work stated in paragraph 1B, above.

      7.      The parties each represent that they have read and fully understand the statutory language of Sections 1542 of the Civil Code of the State of California and on that basis expressly and specifically waive all rights under this statute, which reads as follows:

> **"A general release does not extend to claims which the creditor does not know or suspect to exist in his/her favor at the time of executing the release, which if known by him/her must have materially affected his/ her settlement with the debtor."**

8.      The parties hereto acknowledge and agree that this Release is entered into as a compromise and settlement which is not in any respect or for any purpose to be deemed or construed as an admission or concession of any liability whatsoever on the part of any party.

9.      It is further agreed and understood that time is of the essence pursuant to this Release and that the rule interpreting any ambiguity in a contract against the party drafting the document shall be of no force and effect.  Further, any interpretation of this document shall be pursuant to the laws of the State of California.

10.     This Release shall be binding on and inure to the benefit of the parties and their respective heirs, representatives, successors and assigns.

11.     This Release may be executed in separate counterparts by the several parties hereto and shall be effective when one counterpart has been executed by each of the parties.  A faxed signature shall be deemed equivalent to an original signature.

12.  This Agreement shall be enforceable by either party by the filing of an independent action or a motion to enforce in the underlying Action.  The Court shall be asked to retain jurisdiction of this Action for 18 months after the date the Dismissal is filed for that purpose.  Before filing any such independent action or motion, Plaintiff must provide 30 days written notice to the Defendants' legal department, giving the Defendants the opportunity to agree to correct any claimed violations of this agreement.  Should Plaintiff thereafter file an independent action or a motion to enforce, or should Defendants, the prevailing party or catalyst in any such independent action or motion shall be entitled to an award of attorneys' fees.

DATED: 1/11/09				/s/ William Tranquilli



DATED: 12/28/09				/s/ Mohammad Houter



APPROVED AS TO FORM:


DATED:  1/11/09				/s/ Thomas N. Stewart, III
						Attorney for Plaintiff


DATED:  1/13/09				/s/ J. David Petrie
						Attorney for Defendants



IT IS SO ORDERED.

**Dated:   January 23, 2009**			/s/ Sandra M. Snyder
						UNITED STATES MAGISTRATE JUDGE